Dimitrios TSIPOURAS, Respondent
Below, Appellant,

v.

Susan TSIPOURAS, Petitioner
Below, Appellee.

No. 213, 1995.

Supreme Court of Delaware.

Submitted: March 7, 1996.
Decided: March 11, 1996.

Mark D. Sisk of Hughes, Sisk & Glancy, P.A., Wilmington, for appellant.

David J. Haley, Wilmington, for appellee.

Before HOLLAND, HARTNETT, and BERGER, JJ.

HOLLAND, Justice:

In this appeal, respondent-appellant, Dimitrios Tsipouras ("Husband"), challenges a default judgment entered against him by the Family Court on November 17, 1994. The Husband contends that the Family Court abused its discretion in denying his Motion for Relief from Judgment and his Motion for Reargument. This Court agrees.

### Facts

The record reflects that petitioner-appellee, Susan Tsipouras ("Wife"), and the Husband were divorced by decree of the Family Court dated May 8, 1990. On November 21, 1990, the Husband and the Wife entered into an agreement to dispose of their marital property. On January 29, 1991, this agreement was entered as a judgment of the Family Court in an ancillary proceeding.

The Husband resides in the City of Wilmington at 3 East 39th Street. The Husband owns his residence. At all times relevant to this litigation, he also owned and operated two restaurants in Wilmington, located at 1216 French Street and 304–306 West 9th Street.

On July 27, 1994, the Wife filed a Petition for a Rule to Show Cause regarding the Husband's alleged contempt for failing to pay her all monies due under the ancillary proceeding judgment in connection with the sale of one of the restaurants owned by the Husband. In her petition, the Wife listed the Husband's address as "12–16 French Street, Wilmington, DE 19809." A copy of the Wife's petition was left with one of the Husband's employees at the 1216 French Street property.

A hearing on the Wife's petition was originally scheduled to occur before the Family Court on October 31, 1994. However, in a disposition issued by the Family Court on October 31, 1994, the hearing was rescheduled for November 17, 1994, "due to improper notice" to the Husband.* The Family Court issued a notice to the Husband rescheduling a "hearing of the above captioned matter," and identified the nature of the proceeding as "Motion & Affidavit to Modify Custody Order." There is nothing in the notice directing him to appear and Show Cause why he should not be held in contempt for failing to pay money to the Wife. The Family Court sent that notice by regular mail to the Husband at 1216 French Street, Wilmington, DE 19801.

### Husband Fails to Appear
### Default Judgment Entered

On November 17, 1994, the Husband did not appear. Upon reviewing the record of mailed notices, the Family Court noted that in a recently filed custody petition, the Husband listed his residence as 3 East 39th Street. In light of this fact, the Family Court questioned the Wife as to why notice of her petition was sent to the Husband at the French Street address. The Wife responded that the Husband was living above the restaurant on French Street.

---

* The Wife had listed an incorrect zip code for the Husband in her petition.

The Family Court concluded that the Husband had received notice of the hearing. It also concluded that the Husband had voluntarily elected not to appear. Therefore, the Family Court proceeded with the hearing in the Husband's absence.

Notwithstanding that the notice for the November 17th hearing was to "Modify Custody Order" only, the Family Court conducted a hearing on the Wife's petition to hold the Husband in contempt for nonpayment to her of the property settlement proceeds. After hearing testimony from the Wife, the Family Court entered a default judgment against the Husband in the amount of $25,920, plus interest from November 17, 1994, the date of the judgment.

In addition, the Family Court found the Husband's contempt to be "of a flagrant nature." It ordered the Husband to serve weekend sentences at Gander Hill Prison until the entire obligation was paid. The Family Court issued a *capias* warrant for the Husband's arrest.

The Husband learned about the *capias* warrant during a meeting with his probation officer on another matter. The Husband was taken into custody as a result of the outstanding *capias* warrant. After his arrest, the Husband spent several days in Gander Hill Prison until his brother posted bail.

### Relief Denied
### Motion to Open Judgment

On February 15, 1995, the Husband filed a Motion for Relief from the November 17, 1994 Judgment. *See* Fam.Ct.Civ.R. 60(b). In his motion, the Husband asserted that he had not received notice of the November 17, 1994 hearing, and that he was in Greece from October 27, 1994 through November 19, 1994. The Husband claims that he was unaware of the judgment entered against him until he received notice of a levy to be executed on equipment at his restaurant located at 304–306 West 9th Street. The Wife did not file an answer to this motion.

On February 22, 1995, the Family Court denied the Husband's Motion for Relief from Judgment. The Family Court found that the Husband had constructive notice of the No-

vember 17, 1994 hearing, and that his Motion for Relief from the Judgment was untimely. The Husband filed a Motion for Reargument, which was denied by the Family Court on April 28, 1995.

Pursuant to the Family Court's November 17, 1994 order, the Husband served weekend sentences at Gander Hill Prison from March 3, 1995 to June 30, 1995. After filing a notice of appeal in this Court, on June 13, 1995, the Husband filed a Motion for a Stay of the Family Court's November 17, 1994 order. On July 5, 1995, the Family Court granted the Husband's motion and issued a stay of the weekend prison sentences. The Family Court also ordered the Husband to post a bond in the amount of $25,920, pending issuance of this Court's decision on appeal.

### Denial Was Abuse of Discretion
### Husband Demonstrated Good Cause

The record reflects that the notice of the rescheduled hearing on the Wife's petition was sent to one of the restaurants owned by the Husband. Although the Husband claims that he did not receive the notice and he was out of the country at the time, the notice was not returned by the postal authorities as undelivered. Thus, the record reflects a dispute over whether the Husband had actual notice of the November 17, 1994 hearing.

However, even if the Husband had received actual notice, the notice describes the nature of the proceeding to be a hearing on a "Motion & Affidavit to Modify Custody Order." It makes no mention of the Wife's Petition for a Rule to Show Cause regarding the Husband's alleged contempt of the ancillary proceeding judgment. The default judgment entered against the Husband concerned the contempt allegation, although the only notice sent to the Husband had nothing to do with that subject matter.

 A motion to open a default judgment pursuant to Rule 60(b) is addressed to the sound discretion of the trial court. *Reynolds v. Reynolds,* Del.Supr., 595 A.2d 385, 389 (1991) (citing *Battaglia v. Wilmington Sav. Fund Soc.,* Del.Supr., 379 A.2d 1132, 1135 (1977)). When determining whether there has been an abuse of such discretion,

this Court considers two questions: (1) "did the defaulting party make some showing that, if relief is granted, the outcome of the action may be different from what it will be if the default judgment is allowed to stand?"; and (2) "will substantial prejudice be caused the non-defaulting party by granting the motion?" *Reynolds v. Reynolds,* 595 A.2d at 389 (quoting *Battaglia v. WSFS,* 379 A.2d at 1135). Family Court Civil Rule 60(b) is accorded a liberal construction because of the underlying policy favoring a trial on the merits rather than a default judgment. *Id.*

█ The first question this Court must address is whether the Husband made a showing that, if his motion were granted, the outcome of the action may be different than if the default judgment were permitted to stand. *See Reynolds v. Reynolds,* 595 A.2d at 389. The record reflects that, in his Motion for Relief from Judgment, the Husband asserted that the buyer of the restaurant had defaulted, and that he had indeed paid to the Wife her share of the monies actually received. Thus, the Husband made a sufficient showing that the outcome of the contempt hearing may be different if his motion were granted and he was permitted to present evidence on the merits. *Id.*

The second question we must address is whether substantial prejudice will be caused to the non-defaulting party by granting the motion. *See Reynolds v. Reynolds,* 595 A.2d at 389. The Husband has deposited the full amount of money claimed by the Wife into an interest-bearing escrow account. There is nothing in the record to indicate that the Wife would be prejudiced by the granting of the Motion for Relief from the Default Judgment.

Instead, it appears that the Husband has been prejudiced. The Husband has never had an opportunity for a hearing on the merits of the contempt allegation. He has been required to serve weekend prison sentences. He has also relinquished control of the amount of money in dispute pending the outcome of these proceedings.

Accordingly, we conclude that the Family Court abused its discretion by denying the Husband's Motion for Relief from the De-

fault Judgment entered against him. *See Reynolds v. Reynolds,* 595 A.2d at 389.

### Defective Notice
### Default Judgment Denied Due Process

█ The defective notice given to the Husband regarding the nature of the November 17, 1994 hearing constitutes an independent legal basis for relief from the judgment. *See Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). Procedural due process requires that "[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Id.* (citations omitted). The right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Id.* (citing *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). *See also Formosa Plastics Corp. v. Wilson,* Del.Supr., 504 A.2d 1083, 1089 (1986). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See also Taylor v. Taylor,* Del.Supr., 672 A.2d 44 (1996).

█ The notice sent to the Husband identified the nature of the proceeding as a hearing on a "Motion & Affidavit to Modify Custody Order." It made no mention of the Wife's Petition for a Rule to Show Cause regarding the Husband's alleged contempt of the ancillary proceeding judgment. Consequently, such notice was not "meaningful" nor was it "reasonably calculated" to apprise the Husband of the nature and pendency of the contempt action. *See Fuentes v. Shevin,* 407 U.S. at 80, 92 S.Ct. at 1994; *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. at 314, 70 S.Ct. at 657.

### Conclusion

The judgment of the Family Court is REVERSED. This matter is hereby REMANDED to the Family Court for further proceedings that are consistent with this opinion. The Clerk of this Court is directed

to issue the mandate immediately. Supr. Ct.R. 4(f), 18 and 19(a).