LARRY HAMMOND,[1] Respondent Below-Appellant,
v.
LISA L. DOUGLAS, Petitioner Below-Appellee.
No. 327, 2009.
Supreme Court of Delaware.
Submitted: February 18, 2010.
Decided: April 28, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 28th day of April 2010, upon consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Larry Hammond ("Father"), filed this appeal from a decision of the Family Court, which found Father in contempt of a visitation order and, sua sponte, awarded temporary guardianship of the Father's two minor children to the appellee, Lisa Douglas, the children's maternal grandmother ("Grandmother"). For the reasons set forth below, we reverse the judgment of the Family Court and remand for further proceedings.
(2) The Family Court, by order dated October 3, 2008, granted Father sole custody of his children and awarded Grandmother visitation. On April 24, 2009, Grandmother filed a petition for a rule to show cause, alleging that Father was in contempt for failing to comply with the terms of the visitation order. Grandmother's petition claimed that Father had denied her visitation with the children on her regularly-scheduled weekend, which happened to be Easter weekend. The 2008 visitation order provided that holidays were to be shared by the parties as they mutually agreed. Grandmother requested an emergency ex parte order on her rule to show cause petition, which the Family Court denied. In its order denying Grandmother's request for an emergency ex parte order, the Family Court scheduled a hearing on the rule to show cause petition for May 5, 2009. The notice indicated that the time allotted for the hearing was 30 minutes.
(3) Father appeared at the hearing with his attorney. Grandmother appeared pro se. In addition to the parties' testimony, the Family Court also heard testimony from Grandmother's sister and from Father's mother about the particular incident that led Grandmother to file her rule to show cause petition. Father's counsel argued that because the visitation order providing that holidays were to be mutually agreed upon by the parties was ambiguous, that Grandmother's petition, which sought to have Father fined for his contempt, be denied, and that the parties be ordered to comply with the visitation order going forward.
(4) At the end of the contempt hearing, which lasted about 30 minutes, the Family Court took an hour-long recess. When the Family Court judge returned to the bench, he announced his decision finding Father in contempt of the visitation order. The Family Court then proceeded to review prior proceedings involving the parties in which Father had been ordered to undergo mental health, substance abuse, and domestic violence evaluations.[2] The Family Court acknowledged that the time limit previously fixed for Father to have those evaluations completed had not yet expired. Despite that acknowledgment, the Family Court concluded that Father's failure to provide the necessary documentation showing his completion of those evaluations should be remedied by rescinding its October 2008 order granting Father sole custody and, sua sponte, awarding temporary guardianship of the children to Grandmother with Father being given supervised weekend visits only.
(5) Our standard of review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[3] That encompasses reviewing the sufficiency of the evidence and testing the propriety of the findings.[4] In this case, two independent and alternative bases require reversal of the Family Court's judgment.
(6) Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child. The criteria for determining the best interests of the child are set forth in Section 722 of Title 13 of the Delaware Code.[5] Those criteria must be balanced as appropriate for the factual circumstances presented in each case. In this case, the Family Court did not consider the best interests criteria. Instead, it rescinded, sua sponte, Father's custody of his two children and awarded Grandmother immediate temporary guardianship of the children.
(7) Even if the Family Court had properly considered the best interests of the children in rescinding in its prior custody order, the defective notice given to Father of the May 5, 2009 hearing constitutes an independent legal basis for relief from the judgment.[6] The notice sent to Father was for a hearing on Grandmother's petition for a rule to show cause. The relief sought by Grandmother in her petition did not include a request to modify the Family Court's prior custody and visitation order in any respect. Procedural due process requires that parties whose rights are affected be given meaningful notice and opportunity to be heard.[7] In this case, the Family Court's notice did not reasonably apprise Father that his custodial rights with respect to his children were at issue in the May 5, 2009 hearing. Therefore, Father did not have a reasonable opportunity to prepare objections, a defense, or other response to the Family Court's rescission of his custodial rights.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is REVERSED. This matter is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] There is nothing in the record on appeal reflecting any documentation or information regarding prior proceedings between these parties. The record that the Family Court prepared and transmitted to this Court in this appeal consisted of five documents relating to the contempt petition, as well as the transcript of the contempt hearing.
[3] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[4] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[5] Section 722(a) provides:

The Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. In determining the best interests of the child, the Court shall consider all relevant factors including:
(1) The wishes of the child's parent or parents as to his or her custody and residential arrangements;
(2) The wishes of the child as to his or her custodians(s) and residential arrangements;
(3) The interaction and interrelationship of the child with his or her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, any other residents of the household or persons who may significantly affect the child's best interests;
(4) The child's adjustment to his or her home, school and community;
(5) The mental and physical health of all individuals involved;
(6) Past and present compliance by both parents with their rights and responsibilities to their child under § 701 of this title; and
(7) Evidence of domestic violence as provided for in Chapter 7A of this title.
[6] Tsipouras v. Tsipouras, 677 A.2d 493, 496 (Del. 1996).
[7] Id. (citing Fuentes v. Shevin, 407 U.S. 67, 80 (1972)).