IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMY O'CONNER, [1] | § | |
| | § | No. 59, 2014 |
| Petitioner-Below, | § | |
| Appellant, | § | |
| | § | Court Below:  Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| ALVIN O'CONNER, | § | File No. CN11-05574 |
| | § | Pet. Nos. 11-34821, 12-09808 |
| Respondent-Below, | § | and 13-01290 |
| Appellee. | § | |

Submitted:   June 6, 2014
Decided:   July 24, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

Upon appeal from the Family Court.  **DISMISSED** in part and **REVERSED** in part.

Amy O'Conner, Petitioner-Below, Appellant, *Pro Se*.

Alvin O'Conner, Respondent-Below, Appellee, *Pro Se.*

**STRINE**, Chief Justice.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

The appellant, Amy O'Conner (the "Mother"), filed a notice of appeal on February 7, 2014 from three orders of the Family Court dated January 16, 2014, October 30, 2013, and July 22, 2013. All three orders were related to property division and child custody issues arising out of the Mother's divorce from Alvin O'Conner (the "Husband") in 2012. After careful consideration, we conclude that the Mother's appeal from the Family Court's 2013 orders must be dismissed as untimely. But we conclude that the Family Court abused its discretion in refusing to reopen the custody proceedings. Accordingly, the judgment dated January 16, 2014 is reversed.

The Father filed a petition for divorce on October 31, 2011 and requested that the Family Court retain jurisdiction over the issue of property division. The Mother did not file an answer.[2] The divorce was granted on July 10, 2012. The Mother filed a petition for custody on March 20, 2012. The Father also filed a petition for custody on January 16, 2013. The Family Court scheduled a pretrial conference as to the Father's petitions for property division and custody on June 20, 2013. After neither party made a timely appearance, the Family Court rescheduled the pretrial conference for July 22, 2013. The Mother appeared for the conference. The Father did not.

---

[2] Although Mother was represented by counsel for some portion of the Family Court proceedings and she believed counsel had filed an answer to the divorce petition, there is no evidence in the record that Mother in fact filed an answer.

1

After some discussion on the record at the July 22, 2013 conference, the Family Court indicated that it would dismiss the Father's petitions because of his failure to appear and prosecute. No hearing had been scheduled on the Mother's petition for custody because she had not completed the required parenting course. The following colloquy between the Family Court and the Mother took place:

> THE COURT: Okay. If you want to have that petition for custody heard, you have to take that parenting class. That's why it's not been scheduled. Okay? Because I'm dismissing his today. All right. So I'm — I'll give you —
> THE MOTHER: Well, I would still have custody of the children because they live with me, if I don't —
> THE COURT: If you don't do anything, if I dismiss your petition today, you will have whatever you have now. . . . You will have joint natural custody. I mean, you'll both have the same rights over the children if there's no orders in place and visitation for him can be whatever you guys agree to. That does not mean he can't come and say, you know what, I want the children now and take the children himself. I mean, you both have the same rights over the kids, okay, there's no court order that says one of you has a superior right over the other.
> THE MOTHER: Okay. Well, that's fine, I could just leave it at that, he doesn't care anymore.
> THE COURT: He doesn't care. All right. Then you want me to dismiss your petition? All right.

The Family Court then dismissed the Mother's petition for custody.

The Family Court also informed the Mother that she could not pursue property division issues because the Father had been the only party to request the Family Court to retain jurisdiction to decide those issues, and the

2

Father's petition was dismissed. The Family Court told the Mother that she could file a motion to reopen the property division matter, which the Mother did. The Family Court denied the Mother's motion to reopen on October 30, 2013. The Mother did not file a timely appeal of that order. On January 8, 2014, the Mother filed a motion to reopen the custody matter. The Family Court denied that motion on January 16, 2014.

In her opening brief on appeal, the Mother challenges the Family Court's July 22, 2013 order, which dismissed the Father's petitions for property division and custody and the Mother's own petition for custody. The Mother also challenges the Family Court's October 30, 2013 order denying her motion to reopen the property division proceeding. But this Court has no jurisdiction to consider the Mother's appeal from the Family Court's July 22, 2013 order or its October 30, 2013 order because the Mother did not file her notice of appeal within 30 days[3] of either the Family Court's final order dismissing the parties' respective petitions on July 22, 2013 or its final order denying the Mother's motion to reopen the property

---

[3] *See* Del. Supr. Ct. R. 6(a)(i) (2014); *Giordano v. Marta*, 723 A.2d 833, 834 (Del. 1998) (holding that the Supreme Court lacks jurisdiction to consider an appeal unless the notice of appeal is filed within 30 days from the trial court's final order).

division proceeding on October 30, 2014.[4] Accordingly, the Mother's appeal from those two orders must be dismissed.

The Mother has also appealed from the Family Court's January 16, 2014 order denying her motion to reopen her custody petition. The Father did not answer the Mother's motion to reopen the custody matter in the Family Court and has not filed an answering brief or otherwise responded to this appeal. We review the Family Court's denial of the Mother's motion to reopen her custody petition for abuse of discretion.[5]

In this case, the Mother sought to reopen her custody petition because she was having difficulty getting the Father, who had moved to New York, to cooperate in signing legal documents to obtain passports for the children. In the motion to reopen the custody petition, the Mother alleged that the Father had not seen the children in over nine months. She also stated that when one of the children was sick with a 103 degree fever and she tried to reach out to him, he told her he did not care if it is an emergency and that he did not want her to call him about the kids and bother him. The Mother also stated that the Father "refuses to sign documents that pertain to the kids that require both parents['] signatures." As an example, the Mother cited the

---

[4] *See Lipson v. Lipson*, 799 A.2d 345, 347 (Del. 2001) (holding that each final ruling by the Family Court on a request for a specific type of relief ancillary to the parties' divorce is directly and separately appealable to the Delaware Supreme Court).

[5] *Battaglia v. Wilmington Savings Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977).

4

Father's refusal to sign the papers necessary for the children to obtain passports. The Father did not file a response to the Mother's motion to reopen her custody petition. Nonetheless, the Family Court denied the Mother's motion on the ground that it was not timely and because it failed to allege any basis to reopen under Family Court Civil Rule 60(b).

Consistent with the Mother's contentions that the Father had demonstrated an abandonment of his parental responsibilities and his failure to respond to the Mother's motion to reopen her custody petition in the Family Court, the Father has not bothered to respond to the Mother's appeal seeking a reversal of the Family Court's decision.[6] But even if we deem the

---

[6] The Father's answering brief was due on May 12, 2014. On May 13, 2014, the Court sent a letter to the Father, informing him that his brief was delinquent and notifying him that if he did not file the brief within seven days the Court would "consider entering an order resolving the matter at issue against [him], or making whatever other disposition may be appropriate under Supreme Court Rule 33." Rule 33(a) provides that "[u]pon failure of a party . . . to comply with any rule or order the Court may enter an appropriate sanction against the offending party . . . . Such sanction may include . . . *the determination of an appeal against the offending party*." The Father never filed an answering brief or otherwise responded. In a case where the interests of vulnerable persons who are not able to represent their own interests directly as litigants are at stake, such as the children in this case, the fact that a party has failed to comply with the Court Rules does not mean that the Court will necessarily give the other party the relief she seeks as a consequence of that procedural default. Rather, any such sanction under Rule 33(a) must only be entered if the Court is satisfied that the best interests of the vulnerable person who is affected by the outcome will not be adversely affected by the sanction. Here, that is the case because the Mother already has joint custody of the children and they in fact live with her full time, and there is no record basis to question her fitness as a parent. In a situation where an order under Rule 33(a) is entered resolving the matter against the party for failing to comply with our Rules, that order does not rest on error by the trial court, but instead on the mundane proposition that, absent unusual circumstances, the failure of a party to oppose another litigant's request for relief in a timely manner constitutes a default under our adversarial system of justice, entitling the

5

Father's inexcusable failure to file a brief as a silent opposition, we would still feel obliged to reverse.

A motion to reopen a judgment under Rule 60(b) is addressed to the sound discretion of the trial court.[7]  A final judgment may be reopened under Rule 60(b) for a variety of reasons, including mistake, inadvertence, and excusable neglect under Rule 60(b)(1), and "any other reason justifying relief" under Rule 60(b)(6).[8]

Upon review of the record, we conclude that the Family Court abused its discretion in denying the Mother's motion to reopen the judgment dismissing her custody petition.  Contrary to the Family Court's ruling denying the Mother's motion as untimely, there is no limitations period for filing a motion to reopen under Rule 60(b).[9]  This is because Rule 60(b) acts as a safety valve allowing for final judgments to be altered when there are

---

party who complied with the rules to relief without a substantive inquiry by the Court unaided by appropriate input from the party that should be providing arguments on the other side of the question.  Rule 33(a) therefore gives us discretion to resolve this appeal against the Father, not on the basis of any error by the Family Court, but as a result of the Father's own failure to comply with the rules of this Court.  We do not do so, however, because this appeal raises a procedural question that may recur in similar cases.

[7] *Tsipouras v. Tsipouras*, 677 A.2d 493, 495 (Del. 1996).

[8] *Poe v. Poe*, 2005 WL 1076524, at *2 (Del. May 6, 2005).

[9] *See Sadeghee v. Sadeghee*, 1997 WL 90777 at *1 (Del. Feb. 25, 1997) ("With respect to appellant's claim that the Family Court erred in denying his motion for relief from judgment under Family CourtRule 60(b), we conclude that it was error to deny that motion, without a hearing, on the ground that it was untimely filed. There are no express time limits for consideration of a motion to reopen a judgment under Rule 60(b).").

6

compelling circumstances, including when the interests of justice demand.[10]

Moreover — although the Mother did not cite Rule 60(b)(6) or ground her arguments in its language — we find that the interests of the children in having a court-ordered determination as to legal custody justifies reopening the custody proceeding. The Mother's earlier decision to voluntarily dismiss her custody petition was made without the benefit of legal advice, and it does not appear that she fully understood the legal implications of failing to have a court order determining the issue of custody. Her later motion to reopen alleged that she had been unable to obtain Father's cooperation in signing important legal documents regarding the children and that he had essentially shirked any role as a parent. Under the circumstances, we conclude that the interests of the children justify reopening the custody proceeding because later events indicated that the Mother needed clear unilateral authority to make decisions on her children's behalf, given the Father's alleged refusal to fulfill even minimal parental responsibilities. In so ruling, we acknowledge the difficult circumstances the Family Court

---

[10] *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1979) ("The words 'any other reason justifying relief' of 60(b)(6) '. . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'") (quoting *Klaprott v. United States*, 335 U.S. 601, 615 (1949) (discussing Rule 60(b) of the Federal Rules of Civil Procedure)); *Burke v. Burke*, 2013 WL 6798916, at *2 (Del. Dec. 20, 2013) ("[T]he Family Court has discretion to vacate a judgment pursuant to Rule 60(b)(6) in extraordinary circumstances and may do so whenever such action is appropriate to accomplish justice.") (internal citation omitted).

confronted in dealing with the Mother's motion to reopen. Because the Mother was *pro se*, she did not point the Family Court to the appropriate rule or case law, leaving the Family Court to address the motion without adequate legal briefing.

For these reasons, the Mother's appeal from the Family Court's orders dated July 22, 2013 and October 30, 2013 is hereby DISMISSED as untimely. But, the Family Court's judgment dated January 16, 2014 is REVERSED.