COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

August 7, 2015

Richard L. Abbott, Esquire
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, DE 19707

Max B. Walton, Esquire
Connolly Gallagher LLP
276 East Main Street
Newark, DE 19711

John W. Paradee, Esquire
Baird Mandalas Brockstedt, LLC
6 S. State Street
Dover, DE 19901

Re:  *Traders Alley, LLC v. City of Newark Board of Adjustment and City of Newark*; C.A. No. 11366-VCN
Date Submitted: August 6, 2015

Dear Counsel:

Plaintiff Traders Alley, LLC ("Traders Alley") seeks to expedite these proceedings and to obtain a temporary restraining order to prevent Defendant City of Newark Board of Adjustment (the "Board")[1] from "proceeding based on an

---

[1] The City of Newark is also a Defendant.

illegal order issued [August 3, 2015] by the Chairperson of the Board (the 'Board Chair Order')."[2]

Traders Alley took an appeal, on July 8, 2015, from a decision of the City's Planning and Development Director.[3]  It appealed, as a matter of caution, but it contends that the dispute should be before the Newark Planning Commission, and not the Board.[4]  In essence, Traders Alley, which is attempting to develop an apartment project on East Main Street in Newark, Delaware, wants either to demonstrate that it does not need seven additional parking spaces, which it has been told are required for approval of its project, or to obtain a variance from the requirement of seven additional parking spaces.

The Board Chair Order[5] sets the time, place, and several procedures for Traders Alley's appeal.  Consolidated with Traders Alley's appeal is an appeal by Schlosser & Dennis LLC ("Dennis"), which owns a neighboring property.  The

---

[2] Pl.'s Mot. to Expedite ¶ 1.
[3] City of Newark's Answering Mem. in Opp'n to Pl.'s Mot. to Expedite and Request for a Temporary Restraining Order ("City Br.") Ex. A.
[4] *Id.* Ex. C.
[5] *Id.* Ex. H (Order Regarding Prehearing Matters and Presentation of the Appeal).

*Traders Alley, LLC v. City of Newark Board of Adjustment*
*and City of Newark*; C.A. No. 11366-VCN
August 7, 2015
Page 3

property owners, for some time, have been at odds over development plans for their adjacent parcels.

The Board Chair Order not only established the date (August 19, 2015), time and place for the Board hearing, but it also prescribed when opening briefs and affidavits must be filed (August 10, 2015), and when rebuttal brief and affidavits must be filed (August 14, 2015). The sequence of the parties' presentations at the hearing has been set. Each of the parties (the City, Dennis, and Traders Alley) is given one hour for the oral presentation to the Board, "unless otherwise determined by the Board."[6] The Board Chair Order confirms that affidavits and accompanying documents will be given the same weight as if the information had been presented through live testimony.

Traders Alley challenges the substance of the Board Chair Order because it (i) set a hearing date only twelve business days later, with briefs to be filed within five business days, (ii) consolidated Traders Alley's appeal with Dennis's appeal, and (iii) limited the time reserved for Traders Alley's argument to one hour.

---

[6] Board Chair Order ¶ 7.

*Traders Alley, LLC v. City of Newark Board of Adjustment*
*and City of Newark*; C.A. No. 11366-VCN
August 7, 2015
Page 4

In order to expedite a proceeding, the movant must show a colorable claim and a sufficient possibility of irreparable harm.[7] A party seeking a temporary restraining order must show a colorable claim, irreparable harm, and a favorable balancing of the equities.[8] Traders Alley's application fails under either standard. First, courts are reluctant to interfere in ongoing administrative processes, such as the appeal pending before the Board. In substance, Traders Alley should first exhaust its administrative remedies before asking for judicial assistance.[9] Second, Traders Alley cannot demonstrate a risk of irreparable harm that is different from the harm flowing from many interlocutory administrative rulings that might be

---

[7] *BMEF San Diego L.L.C. v. Gray East Vill. San Diego, L.L.C.*, 2014 WL 4923722, at *2 n.6 (Del. Ch. Sept. 30, 2014).

[8] *AB Value P'rs, LP v. Kreisler Mfg. Corp.*, 2014 WL 7150465, at *2 (Del. Ch. Dec. 16, 2014).

[9] *See, e.g.*, *Salem Church (Delaware) Assocs. v. New Castle Cnty.*, 2006 WL 4782453, at *4 (Del. Ch. Oct. 6, 2006). Perhaps the exhaustion of the administrative remedies doctrine would not be applicable if Traders Alley's claims were purely equitable. *Compare SimplexGrinnell, L.P. v. Del. Dep't of Labor*, 2012 WL 5362835 (Del. Ch. Oct. 31, 2012) *with E. Shore Envtl., Inc. v. Kent Cnty. Dep't of Planning*, 2002 WL 244690 (Del. Ch. Feb. 1, 2002). In its appeal to the Board, Traders Alley addresses the legal standards regulating parking. It does have, for example, an equitable estoppel claim that it may eventually pursue, but its claims are not purely equitable.

*Traders Alley, LLC v. City of Newark Board of Adjustment*
*and City of Newark*; C.A. No. 11366-VCN
August 7, 2015
Page 5

wrong and might require additional and unnecessary expenditures and delay before the proper outcome can be achieved.

Traders Alley claims a denial of due process. In this instance, due process requires meaningful notice and a meaningful opportunity to be heard.[10] Traders Alley received almost three weeks notice of the August 19 date[11] and has been given an hour to make its presentation, in addition to the opportunity to make a paper record submission. It says that the notice period was too short and that because the dispute, which has festered for years, is complicated, an hour is not sufficient.

Section 32-70 of the Newark City Code requires that the appeal be heard and resolved within sixty days of filing. The appeal was filed in early July and, thus, early September is the deadline. Also, Traders Alley has not shown why almost three weeks would not be adequate for preparation for its appeal[12] or why an hour

---

[10] *Tsipouras v. Tsipouras*, 677 A.2d 493, 496 (Del. 1996).

[11] Its attorney was asked, on July 20, 2015, to reserve the date of August 19 for a hearing. City Br. Ex. D. The Board Chair Order, which formally set the hearing date, was issued on August 3, 2015.

[12] Similarly, it has not shown why a week was not sufficient to prepare its brief and the necessary affidavits.

*Traders Alley, LLC v. City of Newark Board of Adjustment*
*and City of Newark*; C.A. No. 11366-VCN
August 7, 2015
Page 6

presentation, buttressed with a paper record, would not reasonably satisfy its due process rights. In addition, the Board has the power, if necessary, to allow additional time for the parties' presentations.

Perhaps more time would have been helpful; perhaps more time will be needed. These are not the types of process-based questions with which courts should interfere while the administrative process is ongoing. The Board has a complicated matter before it; the Board Chair Order is an at least superficially reasonable effort to provide a rational process for the appeal. Having everyone show up for the hearing with no advance guidance, for a matter as complicated as the one which Traders Alley describes, would likely lead to confusion, inefficiency, and perhaps unfairness. Maybe the Board Chair Order is overly restrictive or unduly optimistic, but there is nothing requiring extraordinary judicial intervention.

Traders Alley vigorously challenges the Board Chair Order as procedurally defective. It almost concedes that the Board as a whole could set the schedule and procedures that one would find in the Board Chair Order. The Board Chair Order, however, is not a product of a Board decision. Instead, it is something that the

Board Chair did.[13]  In essence, Traders Alley contends that the Board Chair Order is *ultra vires*, a nullity.  It suggests that the Board Chair does not have the unilateral power to establish these matters; instead, the Board must do it as a whole.

Putting aside the question of whether the Board Chair has the inherent power to deal with such matters, and putting aside the question of just what should have been done while still preserving the August 19 date, support for the Board Chair's actions may be found in the Board's Rules of Procedure, which provide: "The chairman, or in his absence the vice chairman, or in the absence of both, the acting chairman, shall preside at all meetings or hearings of the board, decide all points of order or procedure, and perform all duties required by law, the zoning code or these rules."[14]  The Board Chair's authority to establish procedure is not limited temporally to during the hearing.  Thus, his actions appear consistent with the

---

[13] Apparently the parties were close to stipulating to the schedule.  When that did not work out, the Board Chair stepped in.  It may not have been practicable to have noticed and convened a Board hearing and still to have maintained the August 19 date.

[14] Rules of Procedure Art. III, § 1.  The Rules of Procedure are set forth at Appendix B-1 to the Zoning Code.

Rules of Procedure. Given the concluding clause of paragraph 7 of the Board Chair Order, it appears accepted that the Board could modify its terms during the course of the hearing.

In short, Traders Alley has offered no persuasive reason for circumventing the exhaustion of administrative remedies doctrine.

As for Traders Alley's fears of irreparable harm, it is true that if the Board Chair Order is defective, either in a constitutional sense or as a matter of administrative procedure, then time and money will have been wasted. That, however, cannot be irreparable harm in this context because it is the kind of harm that occurs all the time when there is a problem with interlocutory decisions, whether by an administrative agency or by a court. Due process and other claims can be reviewed through an appeal from the Board to the Superior Court.[15] Perhaps the power of the Superior Court may be limited by the range of its options to affirm, reverse, or modify the decisions it reviews. Nevertheless, this right to appellate review will keep the harm from being irreparable. It may be true that some procedural decisions will "get lost in the shuffle" and not survive as grist for

---

[15] *See* 22 *Del. C.* § 328.

the appellate mill. That suggests that such items are not truly material and, thus, would not form the basis for cognizable irreparable harm.

For the foregoing reasons, Traders Alley's applications to expedite and for a temporary restraining order are denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:    Register in Chancery-K