IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACK SMART,[1] | § | |
| | § | No. 325, 2016 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware, |
| THERESA SMART, | § | in and for Kent County |
| | § | File No. CK06-02786 |
| Petitioner Below- | § | Pet. No. 15-35798 |
| Appellee. | § | |

Submitted: September 23, 2016
Decided: November 16, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 16th day of November 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Jack Smart ("the ex-Husband"), filed this appeal from a Family Court order dated May 26, 2016, denying his motion to reopen a default judgment entered against him on May 3, 2016. The Family Court entered the default judgment in the amount of $67,000 after the ex-Husband failed to appear at a hearing on a Rule to Show Cause petition filed by Theresa Smart ("the ex-Wife"). We find no basis to overturn the Family Court's judgment on appeal. Accordingly, we affirm.

---

[1] The Court previously assigned pseudonyms to the parties.

(2) According to the ex-Wife's petition for a Rule to Show Cause, the Family Court entered an order on September 22, 2011, dividing the parties' marital property ancillary to their divorce. The ex-Wife alleged in her petition that the ex-Husband had failed to comply with the Family Court's order by paying her the money he owed her. The ex-Husband attempted to file a unsigned letter in response to the Rule to Show Cause petition, but his document was returned to him with instructions that his response needed to be signed and notarized and needed to be served upon the ex-Wife. The ex-Husband failed to re-file a conforming response.

(3) The Family Court held a hearing on the Rule to Show Cause petition on May 3, 2016. Despite receiving notice of the hearing, the ex-Husband failed to appear. The ex-Wife appeared and presented her evidence. The Family Court entered a default judgment in her favor, noting that the ex-Wife testified that the ex-Husband had failed to make any payments to her since the Family Court had entered an earlier Rule to Show Cause order against him on April 8, 2015. The Family Court thus found the ex-Husband in contempt of the 2015 order and entered a judgment of $67,000 against him in the full amount of his ancillary arrearages.

(4) On May 12, 2016, the ex-Husband filed a motion to reopen the judgment under Family Court Civil Rule 60(b). His explanation for failing

to appear at the hearing was that he had incorrectly written down May 5 instead of May 3 as the date of the hearing. The Family Court denied his motion to reopen, holding that the issue of the ex-Husband's arrearages was addressed in the court's 2015 order and that the ex-Husband had offered no evidence as to why that order should be modified. This appeal followed.

(5)     In his opening brief on appeal, the ex-Husband's sole argument is that the amount of the judgment is incorrect and that he only owes the ex-Wife less than $20,000.

(6)     Under Family Court Civil 55(b), a motion to set aside a default judgment is analyzed in accordance with Rule 60(b). Under Rule 60(b), a motion to reopen a judgment is addressed to the sound discretion of the trial court.[2] In reviewing whether the trial court abused its discretion, this Court will consider: (i) whether the conduct resulting in the entry of the default judgment was the result of excusable neglect; (ii) whether the outcome of the action *may* be different if the judgment is reopened; and (iii) whether the nonmoving party will suffer substantial prejudice if the judgment is reopened.[3] To constitute excusable neglect, the conduct of the moving party must have been that of a reasonably prudent person.[4]

---

[2] *Tsipouras v. Tsipouras*, 677 A.2d 493, 495 (Del. 1996).

[3] *Id.* at 495-96.

[4] *Howard v. Howard*, 2009 WL 1122116 (Del. Apr. 28, 2009).

(7)     In this case, as the Family Court noted, the parties had engaged in prior litigation to determine the amount of the ex-Husband's financial obligations to the ex-Wife.  The Family Court's default judgment entered on May 3, 2016 was based upon the ex-Wife's testimony that she had received no payments since the Family Court's 2015 contempt order. The ex-Husband's motion to reopen contained no allegations or evidence to dispute the judgment.  Under these circumstances, we find no abuse of discretion in the Family Court's conclusion that the ex-Husband's motion to reopen provided no evidence to rationally suggest that the outcome of the proceedings may be different if the court reopened the default judgment.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] *But see Tsipouras v. Tsipouras*, 677 A.2d 493 at 496 (holding that the ex-Husband's motion made a sufficient showing that the outcome of the proceedings might be different if the Family Court reopened the default judgment).