# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAZMINE COLATRIANO, )
)
Plaintiff, )
)
v. ) C.A. No. N17C-01-290 ALR
)
MATTHEW ROMAN, )
)
Defendant. )

Submitted: May 7, 2017
Decided: July 7, 2017

## ORDER

*Upon Defendant's Motion to Dismiss*
**GRANTED WITHOUT PREJUDICE**

Upon consideration of the Motion to Dismiss filed by Defendant Matthew Roman ("Defendant"); the Complaint filed by Plaintiff Jazmine Colatriano ("Plaintiff"); the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional precedent; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiff worked for approximately two months as a part-time office administrator at Nature's Way Medicine, P.C., a primary care medical provider founded and operated by Defendant, who is a physician.

2. Plaintiff makes various allegations regarding Defendant's conduct towards Plaintiff during her employment at Nature's Way Medicine. Plaintiff

claims that Defendant's conduct forced Plaintiff to resign from Nature's Way Medicine on May 10, 2016, after only two months of employment.

3. On June 15, 2016, Plaintiff filed a Notice of Charge Discrimination against Nature's Way Medicine – but not against the Defendant in this case, Matthew Roman – with the Delaware Department of Labor ("Department") pursuant to the Delaware Discrimination in Employment Act. On November 7, 2016, the Department issued a Final Determination and Right to Sue Notice, dismissing Plaintiff's case for lack of jurisdiction and permitting Plaintiff to pursue her cause of action against Nature's Way Medicine in Superior Court.[1]

4. On January 19, 2017, Plaintiff filed the Complaint in this captioned matter against Defendant Matthew Roman, seeking monetary damages for alleged losses as well as a Court order mandating certain changes at Nature's Way Medicine. Nature's Way Medicine is not a party to this lawsuit.

5. On February 24, 2017, Defendant filed the Motion to Dismiss that is currently before the Court. By Letter dated March 6, 2017, the Court set a deadline of April 6, 2017 for Plaintiff's response to the Motion to Dismiss and advised Plaintiff that the Court would consider the Motion to Dismiss unopposed if Plaintiff failed to file a response.

---

[1] *See* 19 *Del. C.* § 712(c)(5) ("In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process.").

6. By Letter dated April 6, 2017, Plaintiff requested an extension to respond to Defendant's Motion to Dismiss, and notified the Court that Plaintiff planned to consult with an attorney. Although the Court granted Plaintiff's request, Plaintiff did not file a response to the Motion to Dismiss.

7. By Letter dated May 10, 2017, Defendant requested that the Court consider the Motion to Dismiss unopposed and dismiss Plaintiff's Complaint with prejudice.

8. To date, Plaintiff has not responded to Defendant's Motion to Dismiss and counsel has not appeared on Plaintiff's behalf.

9. The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[2] However, "[l]itigants, whether represented by counsel or appearing *pro* se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[3] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[4]

---

[2] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011) (internal citations omitted); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011) (internal citations omitted).
[3] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).
[4] *Id.*

3

10.  In this case, Plaintiff has failed to diligently pursue her cause of action against Defendant, despite the Court's efforts to afford Plaintiff the opportunity to remedy such failures. The Court finds that Defendant's Motion to Dismiss may be granted on the grounds of procedural default pursuant to Plaintiff's failure to respond to the Motion to Dismiss.

11.  Nevertheless, the Court is mindful that resolution by procedural default is not ideal.[5]  Therefore, the Court has reviewed Defendant's substantive argument in support of dismissal and finds that the Complaint should be dismissed pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Even accepting the allegations in Plaintiff's Complaint as true with all reasonable inferences made in favor of Plaintiff,[6] the Court finds that there is no reasonably conceivable set of circumstances susceptible of proof upon which Plaintiff is entitled to relief against Defendant Matthew Roman.[7]  Among other things, Plaintiff has failed to satisfy the jurisdictional prerequisites for this lawsuit.  Accordingly, the Court finds that this action must be dismissed without prejudice.

---

[5] *See Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013) (citing *Tsipouras v. Tsipouras*, 677 A.2d 493, 497 (Del. 1996)) (noting the public policy in favor of trials on the merits); *Waterhouse v. Hollingsworth*, 2013 WL 5803136, at *3 (Del. Super. Oct. 10, 2013) ("Delaware has a strong public policy favoring resolution of cases on their merits.").

[6] *See Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[7] *See Spence*, 396 A.2d at 968.

4

**NOW, THEREFORE,** this 7th day of July, 2017, Defendant's Motion to Dismiss is hereby **GRANTED.** Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**