**John Joseph REYNOLDS, Respondent Below, Appellant,**

v.

**Alma Carpenter REYNOLDS, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 16, 1991.
Decided: May 8, 1991.

Robert K. Beste, Jr. of Biggs & Battaglia, Wilmington, for appellant.

Christine K. Demsey of Waserstein & Demsey, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

HOLLAND, Justice:

On or about June 7, 1989, the petitioner-appellee, Alma C. Reynolds ("the Wife"), filed a petition for divorce from the respondent-appellant, John J. Reynolds ("the Husband"). An uncontested divorce hearing was held February 8, 1990. The Family Court entered a final divorce decree on February 26, 1990 and retained ancillary jurisdiction.

On May 18, 1990, the Wife filed a motion to dismiss the Husband's request for ancillary relief. The motion alleged that, since the Husband alone had requested ancillary relief, the Husband was obligated under Rule 16(c)(1) to file a completed Financial Report ("the Report") within thirty days of the final decree of divorce. Since the Husband had not filed the Report, or received a timely extension, the Wife argued that the Husband's application for ancillary relief had to be dismissed with prejudice, pursuant to Family Court Civil Rule 16(c)(6). The Wife's motion was granted by the Family Court on May 29, 1990.

On June 5, 1990, the Husband filed a motion for reargument concerning the Family Court's dismissal of his request for ancillary relief. On that same date, the Husband also filed a motion for relief from the judgment of dismissal, pursuant to Family Court Civil Rule 60(b). Both motions were denied by the Family Court on June 13, 1990.[1]

---

1. *On June 19*, 1990, the Husband filed a motion for reargument concerning the Family Court's denial of his motion for relief. That motion was stricken by the Family Court on June 25, 1990.

The Husband has appealed to this Court from the decisions of the Family Court. The Husband's first contention is that it was an abuse of discretion for the Family Court to dismiss his request for ancillary relief, since his reason for not filing the Report was entirely attributable to his attorney's mistake and/or excusable neglect. The Husband's second contention is that it was an abuse of discretion for the Family Court to refuse to grant relief from the judgment of dismissal, pursuant to Rule 60(b), since the judgment was entered against him for reasons solely attributable to the mistake and/or excusable neglect of his attorney.

We have concluded that both of the Husband's arguments are meritorious. Accordingly, the decisions of the Family Court are reversed.

### Facts

The relevant facts are not in dispute. The Wife's divorce petition alleged that the parties had separated on or before May 4, 1989, and that the marriage was irretrievably broken due to incompatibility and the Husband's misconduct. The Wife's divorce petition did not request the Family Court to retain jurisdiction over any ancillary matters. The divorce petition was served upon the Husband on or about June 12, 1989.

The Husband did not contest the divorce in his answer, filed on June 22, 1989, but did specifically request the Family Court to retain ancillary jurisdiction. In particular, the Husband's answer to the Wife's divorce petition requested an equitable division and distribution of marital property. The Husband's answer also requested that he be awarded alimony.

According to the Husband, when his attorney delivered the final divorce decree to him by mail, the Husband's attorney enclosed a letter which erroneously advised the Husband that the Wife was required to file her portion of the Report first. The letter to the Husband from his attorney also stated that after the Wife's portion of the Report had been filed, the Husband would have thirty days in which to complete his portion of the Report. In fact, Rule 16(c)(1) provides:

(1) After the entry of a divorce decree, a petitioner requesting ancillary relief shall complete a written report in the form approved by the Court known as a Rule 16(c) Financial Report, attaching thereto such documents as may be required by the instructions accompanying the form and shall forward an original notarized copy to the respondent or attorney for respondent within 30 days of the granting of the final decree of divorce and advise the Court in writing that same has been accomplished. Respondent shall then complete the form, attaching required documents, deliver the original document to the Clerk, and forward a copy to the petitioner or petitioner's attorney within 30 days of receipt.

Where a petitioner does not seek ancillary relief, a respondent requesting such relief shall complete the Rules 16(c) Financial Report and forward an original notarized copy to petitioner or petitioner's attorney within 30 days of the granting of the final decree of divorce and advise the Court in writing that same has been accomplished. Petitioner shall then complete the document and deliver the original to the Clerk and forward a copy to respondent or respondent's attorney within 30 days of receipt.

The record reflects that at the time the letter was sent to the Husband by his attorney, the Husband's attorney incorrectly believed that the Wife's petition for divorce had also requested ancillary relief. The Husband's attorney attributes that mistaken belief to his neglect in failing to properly check his file to ascertain which party had requested the retention of ancillary jurisdiction. In fact, the Husband alone had requested ancillary relief.

The Husband's attorney candidly admitted in the Family Court, as well as in this Court that, in view of the requirements of Rule 16(c)(1), his advice in the letter to the Husband was not correct. The mistaken advice to the Husband contained in the letter was compounded when the represen-

tation of the Husband was reassigned to an associate in the law firm of the Husband's attorney. That associate attorney apparently relied on the erroneous instructions in the letter to the Husband, and thus took no action to have the Husband's portion of the Report completed or filed.

However, following the entry of the divorce decree, the associate attorney actively worked on the Husband's case. A letter dated April 10, 1990 was sent by the associate attorney, on behalf of the Husband, to the Wife's attorney with respect to various ancillary matters. The Husband suggests that this correspondence is indicative of his attorneys' good faith, albeit mistaken, belief in the correctness of the original advice given to the Husband about the Wife's obligation to file her portion of the Report first.

*Family Court Rules 6(b) and 16(c)(6)*

■ The Husband's first argument on appeal is that the Family Court abused its discretion in dismissing his request for ancillary relief when his portion of the Report was not filed in a timely manner. The Wife argues that dismissal was not only proper but mandated by the Family Court's Civil Rules. According to the Wife, because both parties did not file the Report, dismissal with prejudice of the Husband's application for ancillary relief was required by the provisions of Rule 16(c)(6) of the Family Court Civil Rules. Rule 16(c)(6) of the Family Court Civil Rules provides:

> (6) Failure of either party to comply with the requirements of this Rule may result in the imposition of appropriate sanctions which may include but are not limited to the following: acceptance of properly submitted information to the exclusion of contrary evidence by the party in noncompliance; assessment of attorney's fees against the non-complying party; or default judgment for the relief requested. Failure of both parties to comply with this Rule will result in dismissal, with prejudice, of all applications for ancillary relief.

The Wife also argued that the Family Court did not have the authority, under Family Court Civil Rule 6(b), to permit the filing of an untimely Report in the absence of a timely request for an extension.

The Family Court was persuaded by the Wife's arguments. It dismissed the Husband's claim for ancillary relief, with prejudice. The Family Court apparently concluded that it had no discretion to extend the date for filing the Husband's portion of the Report when the time to file the Report had already expired. Rule 6(b) of the Family Court Civil Rules gives the Family Court the discretion, upon motion, to permit an act to be done after the expiration of a specified period, where the failure to act was the result of excusable neglect. Rule 6(b) of the Family Court Civil Rules provides:

> (b) Enlargement. When by these Rules or by a notice given thereunder or by order of Court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Rule 6(b) specifically prohibits the Family Court from exercising this discretionary power for actions *only* under Rules 59(b), (d), and (e), and 60(b). Therefore, the Family Court has the discretionary power to permit what would otherwise be an untimely filing of the Report which is required by Rule 16.

The Family Court had the power to permit an untimely Report to be filed, if it determined that the Husband's failure to timely file the Report was the result of excusable neglect. Consequently, the trial judge erred, as a matter of law, in concluding that a dismissal of the Husband's request for ancillary relief was mandated by

the Family Court's Civil Rules, when the Husband did not file his portion of the Report in a timely manner. Therefore, the Family Court's decision, granting the Wife's motion to dismiss the Husband's request for ancillary relief, must be reversed.

### Family Court Rule 60(b)

■ The Husband's second argument is that the Family Court abused its discretion in refusing to grant his motion for relief pursuant to Family Court Civil Rule 60(b). The Family Court characterized the Husband's motion for relief as a choice "between the party who acted within the procedure set for divorce litigation and the party who took no action for a period exceeding ninety days." After the Husband's motion for relief had been denied, in response to the Husband's motion for reargument, the Family Court wrote: "[t]he Court, in its decision, needed to diminish the entitlements of one of the parties. It upheld the rules."

The Family Court may relieve a party from a final judgment or order, if that party establishes, *inter alia:* "(1) [m]istake, inadvertence, surprise, or excusable neglect", or for "(6) any other reason justifying relief from the operation of the judgment." Fam.Ct.Civ.R. 60(b). A motion to open a default judgment pursuant to Rule 60(b)(1) and (6) is addressed to the sound discretion of the trial court. *Battaglia v. Wilmington Sav. Fund Soc.*, Del.Supr., 379 A.2d 1132, 1135 (1977). When determining whether there has been an abuse of such discretion, this Court considers two questions: (1) "did the defaulting party make some showing that, if relief is granted, the outcome of the action may be different from what it will be if the default judgment is permitted to stand?"; and (2) "will substantial prejudice be caused the non-defaulting party by granting the motion?" *Id.* Family Court Civil Rule 60(b) is accorded a liberal construction because of the underlying policy favoring a trial on the merits to a default judgment. *Id.*

The record reflects the Husband established that the judgment of dismissal was entered against him as a result of his attorney's mistake and/or excusable neglect. *See* Fam.Ct.Civ.R. 60(b)(1). Applying the two-part *Battaglia* test to the case *sub judice,* the record also reflects that the Husband satisfactorily addressed both aspects of the applicable inquiry. First, the Husband made a showing that, should relief be granted, the outcome of the action may be different. Should relief from the judgment be granted, the Husband will be eligible to receive an ancillary award in the form of an equitable share of the marital property and, perhaps, alimony. With respect to the second part of the *Battaglia* inquiry, the record reflects no substantial prejudice which would have been caused to the Wife if the Husband's motion for relief had been granted.

■ We have concluded that the Family Court abused its discretionary power when it failed to grant the Husband's motion for relief pursuant to Rule 60(b). However, as in *Battaglia,* we do not mean thereby to disregard any loss which may have been caused to the Wife. Family Court Civil Rule 60(b) provides, *inter alia,* that in relieving a party from a judgment, the Court may do so "upon such terms as are just." "Thus, in granting a motion to open a default judgment, the Court has the power to protect the rights of the judgment holder by imposing such terms as justice requires to avoid prejudice or loss occasioned by inaction of [the other party]." *Id.* at 1136 (citations omitted).

Given the Husband's neglect in filing a timely Report, we are satisfied that this case, like *Battaglia,* calls for the imposition of "terms" under Rule 60. *See id.* For this reason the remand will include a direction to the Family Court to award the Wife counsel fees, court costs and any other expenses, including those incurred by this appeal, to which the Family Court, in its discretion, deems her entitled, as a result of the Husband's failure to file his portion of the Report in a timely manner. *Id.*

### Conclusion

The judgments of the Family Court are REVERSED. This case is REMANDED to

the Family Court for further proceedings that are consistent with this opinion.