JERRY SOUTHERLAND,[1] Petitioner Below-Appellant,
v.
TERRI SOUTHERLAND, Respondent Below-Appellee.
No. 487, 2009.
Supreme Court of Delaware.
Submitted: February 12, 2010.
Decided: April 1, 2010.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 1st day of April 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Jerry Southerland ("Husband"), filed an appeal from the Family Court's July 23, 2009 order denying his motion for relief pursuant to Family Court Civil Procedure Rule 60(b). We find no merit to the appeal. Accordingly, we affirm.
(2) Husband and respondent-appellee Terri Southerland ("Wife") were divorced by order of the Family Court on August 10, 2007. The Family Court retained jurisdiction to decide the ancillary matters of property division, alimony and attorney's fees. Prior to the Family Court's hearing on the ancillary matter of property division, Husband and Wife entered into a pretrial stipulation, which was signed as an order by the Family Court, in which they agreed to divide the marital assets equally. In particular, they stipulated to a value of $5,000 for a parcel of land in Crisfield, Maryland (the "Property"). The hearing on property division was held on March 24, 2009. In the Family Court's final order on ancillary matters dated June 5, 2009, the Property was awarded to Wife and Husband received a $2,500 credit in accordance with its stipulated value of $5,000.
(3) On June 15, 2009, Husband filed a motion for relief from the Family Court's order pursuant to Family Court Civil Procedure Rule 60(b) requesting that the case be re-opened so that the current market value of the Property could be determined. On July 21, 2009, Husband supplemented his motion by filing an appraisal of the Property, completed on July 13, 2009, which placed the current market value of the Property at $59,000. As grounds for the motion, Husband claimed that his stipulation to the value of the Property at $5,000 was the result of mistake and excusable neglect. The Family Court denied Husband's motion.
(4) In this appeal, Husband claims that the Family Court abused its discretion when it denied his motion to re-open pursuant to Rule 60(b). He contends that he reasonably relied on the valuation of the property by the attorney who represented him at the property division hearing and only later learned from his present counsel that the valuation had been erroneous.
(5) This Court reviews the Family Court's denial of a motion to re-open pursuant to Rule 60(b) for abuse of discretion.[2] Rule 60(b) provides that the Family Court "may relieve a party . . . from a final judgment, order or proceeding for . . . [m]istake, inadvertence, surprise, or excusable neglect. . . or any other reason justifying relief from the operation of the judgment." The movant also must demonstrate that the outcome of the action would be different if the motion were granted and that substantial prejudice would not be caused to the non-moving party if the motion were granted.[3] This Court will not disturb the Family Court's factual findings unless they are clearly wrong and justice requires that they be overturned.[4]
(6) In its decision denying Husband's motion to re-open, the Family Court made the following factual findings. While Husband originally had estimated the market value of the Property at $30,000 in his pretrial financial report, by the time of the filing of the pretrial stipulation and the pretrial hearing, he had decided to stipulate to a value of $5,000. After considerable discussion at the pretrial hearing concerning the value of the Property, Wife agreed to that valuation. The $5,000 figure was accepted by the Family Court and relied upon by the Family Court in its overall valuation and division of the marital property. At all times during the proceedings, Husband was represented by counsel. Based upon these factual findings, the Family Court determined that Husband's stipulation to the $5,000 figure was not based upon mistake, inadvertence, excusable neglect or any other reason justifying relief from the judgment.
(7) The record in this case reflects that Husband was fully aware during pretrial proceedings that the market value of the Property could exceed $5,000. Merely because Husband now regrets that he agreed to stipulate to the $5,000 figure does not mean that the standard for the re-opening of the judgment has been satisfied. Our review of the record reveals no error of fact or law and no abuse of discretion on the part of the Family Court. Therefore, the Family Court's decision must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated August 24, 2009. Supr. Ct. R. 7(d).
[2] Poe v. Poe, Del. Supr., No. 502, 2004, Jacobs, J. (May 6, 2005) (citing Albu Trading, Inc. v. Allen Family Foods, Inc., 822 A.2d 396 (Del. 2002)).
[3] Ravine v. Ravine, Del. Supr., No. 262, 2005, Jacobs, J. (Feb. 22, 2006) (citing Harper v. Harper, 826 A.2d 293, 297 (Del. 2003)).
[4] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).