IN THE SUPREME COURT OF THE STATE OF DELAWARE

RICHARD F. MORGAN,[1]     §
    §
     Respondent Below,     §   No. 303, 2019
     Appellant,     §
    §
     v.     §   Court Below–Family Court
    §   of the State of Delaware
DAYTON JOSEPH,     §
    §
     Petitioner Below,     §   File No.  CN15-06495
     Appellee.     §   Petition No.  18-15325
    §
    §

Submitted:   December 6, 2019
Decided:     February 18, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Richard F. Morgan, appeals from the Family Court's June 17, 2019 order that granted, by default, sole custody of the parties' minor son, Mark (born in 2015), to the appellee, Dayton Joseph.  On appeal, Morgan asks this Court to set aside the Family Court's order.  We find no basis to overturn the Family Court's default judgment.  Accordingly, we affirm.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     The record reflects that, by order dated June 27, 2017, the Family Court awarded sole custody and primary placement of Mark to Morgan after Joseph failed to appear for a custody hearing.  On May 23, 2018, Joseph filed a petition to modify the custody order ("the Petition").  In the Petition, Joseph claimed that she had not received notice of the prior hearing, she did not consent to Morgan having sole custody, and she was having an extremely difficult time visiting with her son.  Morgan filed an answer to the Petition, alleging that Joseph was aware of the prior hearing, had a substance abuse issue, was unemployed, and was unable to provide for Mark.

(3)     On November 21, 2018, Joseph filed an emergency *ex parte* motion for custody modification, asking the Family Court to prohibit Morgan from taking Mark to Mississippi and to grant her primary placement of Mark.  In the motion, Joseph alleged that Mark had been living with her since August, when Morgan abandoned Mark in her care.  The court denied the motion, noting that emergency action was not warranted because a statutory injunction prohibited the parties from removing Mark from the court's jurisdiction.[2]

---

[2] See 13 *Del. C.* § 721(d) ("Upon the filing of a petition for custody or visitation, a preliminary injunction shall be issued against both parties to the action, enjoining them from removing any natural or adopted child of the parties then residing in Delaware from the jurisdiction of [the Family Court] without the prior written consent of the parties or the permission of the [Family Court].").

2

(4) On November 28, 2018, Morgan filed a motion to participate in the custody proceedings by telephone. The Family Court denied Morgan's motion and noted that the parties were required to appear for trial. On February 6, 2019, the Family Court held a case management conference via telephone with the parties. When the parties indicated that they were unable to agree on a custody arrangement, the court set an evidentiary hearing for June 17, 2019. The court subsequently sent notices to both parties directing them to appear before the court on June 17, 2019. The notices stated that a party's failure to appear could result in the entry of a default judgment against him.

(5) On June 17, 2019, Joseph appeared in the Family Court at the scheduled time for the hearing on the Petition. Morgan did not appear in person. Instead, Morgan called the court and represented to court staff that he had the court's permission to participate by telephone. The court did not permit Morgan to participate in the hearing by telephone.

(6) The Family Court proceeded to hear testimony from Joseph. Joseph testified that Mark was currently residing with her, she was living in a recovery home, she had been clean for almost ten months, she was presently employed at the Charcoal Pit, and she planned to enroll Mark in a headfirst child care program. Joseph asked for sole legal custody, and testified that she and Morgan do not communicate well. At the conclusion of the hearing, the court found that Morgan

had been properly notified of the hearing and had failed to appear as directed. In light of the uncontroverted evidence presented, the Family Court modified the existing custody order to award Joseph sole legal custody and primary placement of Mark. Morgan did not move to reopen the default judgment under Family Court Civil Rule 60(b). Instead, Morgan appealed to this Court.

(7) The Family Court's entry of a default judgment against a party for failing to appear, plead, or otherwise defend in accordance with the Family Court Rules is reviewed by this Court for abuse of discretion.[3] On appeal, Morgan asks this Court to set aside the Family Court's default order because (i) he believed that once he "registered" for one telephone hearing, he was authorized to participate in all future hearings by telephone and (ii) there has not been a change in circumstances to warrant the change in the custody arrangement.

(8) To the extent Morgan asserts that he has an explanation for his failure to appear in person, that issue must be presented to and ruled on by the Family Court in the first instance through a motion to reopen the judgment under Family Court Rule of Civil Procedure 60(b), which must be properly supported by facts justifying the relief from the default judgment.[4] In any event, the record belies Morgan's contention. Although Morgan filed a motion to participate by telephone in the

---

[3] *Harper v. Harper*, 826 A.2d 293, 296 (Del. 2003).
[4] *Seeco v. Drummel*, 2018 WL 4697148, at *1 (Del. Sept. 26, 2018).

4

custody proceedings, the Family Court denied the motion. The notice sent to the parties scheduling the case management conference specifically noted that the conference would be handled as a teleconference and included directions for calling in to the court. In contrast, the notice sent to the parties concerning the evidentiary hearing on the Petition specifically noted, "You are hereby directed to appear *before the Family Court at the above address* on the above noted date and time…. If you fail to appear a default judgment may be rendered for the relief demanded in the complaint."[5] Under the circumstances, we find no abuse of the Family Court's discretion in granting, by default, the Petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] Attachment to the Family Court's June 17, 2019 default order (emphasis added). The Family Court's June 17, 2019 order also states that the judge specifically told the parties during the February 6, 2019 telephone conference that they would have to appear in court for the evidentiary hearing.