IN THE SUPREME COURT OF THE STATE OF DELAWARE

CLAUDIA K. SANDERS,[1]        §
                             § No. 58, 2020
    Respondent Below,        §
    Appellant,               § Court Below—Family Court
                             § of the State of Delaware
    v.                       §
                             § File No. CN19-05435
FRANK SANDERS and ANGELA     § Petition No. 19-29994
SAWYER,                      §
                             §
    Petitioners Below,       §
    Appellees.               §

Submitted:  October 2, 2020
Decided:  December 3, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR** Justices.

## **ORDER**

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The respondent below-appellant, Claudia K. Sanders ("the Mother"), filed this appeal from a Family Court order, dated January 9, 2020, entering a default judgment and granting the petition for guardianship of the Mother's daughter ("the Child") filed by the petitioners below-appellees, Frank Sanders and Angela Sawyer. For the reasons set forth below, the January 9, 2020 order must be vacated and this matter must be remanded to the Family Court for additional proceedings.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Child was born in 2014.  Frank Sanders is the Child's maternal grandfather ("the Grandfather").  Sawyer is the Child's maternal step-grandmother ("the Step-Grandmother").   On October 23, 2019, the Grandfather and Step-Grandmother filed a petition for guardianship of the Child.

(3)     The petition for guardianship alleged that the Child was in the care of the maternal grandmother ("the Maternal Grandmother") and that the current addresses of the Child's parents were unknown.  According to the Custody, Visitation, and Guardianship Disclosure Report, the Child had been living with her parents and Maternal Grandmother since the spring of 2018.  The Grandfather and Step-Grandmother also filed affidavits stating that they did not know the parents' current addresses.

(4)     The Grandfather and Step-Grandmother did not complete the portion of the guardianship petition relating to why they sought guardianship,[2] but alleged in a motion and affidavit for an emergency ex parte order that the parents were homeless, using drugs, and unable to care for the Child.  The motion also alleged that the Maternal Grandmother was mentally ill, used drugs, and verbally abused the Child.  The Family Court denied the motion for emergency relief.

---

[2] This section required the petitioners to indicate whether the parents agreed to guardianship, the parents were deceased, or the child was dependent, neglected, or abused for the reasons set forth by the petitioners.

(5) Notice to the parents was published in *The News Journal* newspaper on November 14, 2019. The notice stated that if the parents did not answer the petition within twenty days, the Family Court would hear the matter without further notice. According to the Family Court docket, the Child's father ("the Father") received the summons for the petition where he was incarcerated.

(6) On December 10, 2019, the Family Court notified the Grandfather, Step-Grandmother, and the Father that a case management teleconference would be held on January 9, 2020. The notice warned that a party's failure to appear could result in dismissal of the petition or entry of a default order. Although not reflected on the docket, the Family Court record includes the Father's answer, dated December 13, 2019, disputing the allegations in the guardianship petition.

(7) On January 9, 2020, neither parent appeared at the teleconference. As to the Mother, the Family Court found that there was jurisdiction by publication notice and that the matter could be heard without additional notice because the Mother failed to file an answer within twenty days of the publication notice. As to the Father, the Family Court found that he failed to comply with the December 10, 2019 notice, which warned that entry of a default judgment was possible. The Family Court entered a default judgment awarding the Grandfather and Step-Grandmother guardianship of the Child. This appeal followed.

(8)     On appeal, the Mother argues that she was not properly notified and that the Grandfather is keeping the Child from herself and other family members, including the Maternal Grandmother whom he is biased against, that the Child has lived with since birth.  Relying on text messages attached to her opening brief, she contends that she provided the Grandfather with her address in November and believed he was filing for guardianship then.  According to the Mother, she learned shortly before the holidays from the Maternal Grandmother's paperwork that the Grandfather had applied for guardianship in October and that a hearing was scheduled for January 9, 2020 at 3:30 p.m.  The Mother claims she went to the Family Court for the hearing, but was told it was a telephone hearing and that she could not be seen or heard by the judge.  The Grandfather and Step-Grandmother contend that the Mother was aware of the guardianship proceedings, the paperwork for the January 9, 2020 hearing stated that it was a teleconference, and that the Child is safer with them than with the parents or Maternal Grandmother.

(9)     This Court reviews the Family Court's entry of a default judgment against a party for failure to appear for abuse of discretion.[3]  We are unable to determine whether the Mother's failure to respond to the guardianship petition and appear at the January 9, 2020 hearing was the result of other's actions, as she alleges, or her own lack of diligence.  The factual issues the Mother raises on appeal were

---

[3] *Fether v. McDew*, 2020 WL 4544749, at *3 (Del. Aug. 6, 2020).

not presented to the Family Court in the first instance and are not properly a part of the record this Court can consider on appeal.[4] The appropriate course was for the Mother to raise these issues in a motion to reopen the default judgment under Family Court Civil Rule 60(b) in the Family Court.

(10) Although we cannot resolve the notice issues raised by the Mother, we nonetheless must find that the Family Court abused its discretion in entering a default judgment on the guardianship petition. The grounds for establishment of a guardianship over a child are set forth in 13 *Del. C.* § 2330. This statute provides that, before granting guardianship, the Family Court shall find that each parent voluntarily consents to the guardianship or, after a hearing on the merits and by a preponderance of the evidence, that the child is dependent, neglected, or abused and that guardianship is in the best interests of the child.[5] The guardianship statute defines dependency, neglect, and abuse in accordance with 10 *Del. C.* § 901.[6] The best-interest factors are set forth in 13 *Del. C.* § 722.[7]

---

[4] *See* Supr. Ct. R. 9(a) ("An appeal shall be heard on the original papers and exhibits which shall constitute the record on appeal."); *Anderson v. Anderson*, 2014 WL 4179116, at *1-2 (Del. Aug. 21, 2014) (holding that the Court could not consider the father's explanations for why he did not appear at a custody hearing because he did not present those explanations to the Family Court); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del.1997) (holding that materials not offered into evidence and considered by the trial court are not part of the record on appeal).

[5] 13 *Del. C.* § 2330(a).

[6] 13 *Del. C.* § 2302(1), (7), and (12).

[7] These factors include: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interaction of the child with his parents, relatives and any other residents of the household; (iv) the child's adjustment to his home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance of the parents with their rights and

(11) In similar circumstances, this Court has held that the Family Court is required to make the findings required by statute even when one of the parties is in default. For example, in *Fether v. McDew*, this Court held that the Family Court was required to apply the standard set forth in 13 *Del. C.* § 729(c)(2), which incorporates the best-interest factors set forth in § 722, before modifying a shared residential placement custody order based on the mother's failure to appear for mediation.[8] Similarly, in *Tatum v. Yost*, which also involved a motion to modify a previous custody order that required the Family Court to determine what was in the best interests of the child under § 722, we ruled that the Family Court was "required to make a best interests determination even if one of the parties is in default."[9] And in *Harper v. Harper*, where the Family Court modified a custody order as requested by the mother after the father failed to appear for the hearing, this Court found that "the Family Court's entry of a default judgment against [f]ather without determining 'the best interests of the child' in accordance with the required statutory factors constituted a clear abuse of discretion."[10]

(12) The same reasoning applies here. Like § 729(c)(2), § 2330(a)(2) involves consideration of a child's best interests. Under § 2330(a)(2), a party

---

responsibilities to their child; (vii) evidence of domestic violence; and (viii) the criminal history of any party or resident of the household.

[8] 2020 WL 4544749, at *3.

[9] 2007 WL 2323791, at *2 (Del. Aug. 15, 2007).

[10] *Harper v. Harper*, 826 A.2d 293, 296 (Del. 2003).

6

seeking guardianship must not only establish by a preponderance of the evidence that guardianship is in the best interests of the child, but also that the child is dependent, neglected, or abused. The order on appeal does not reflect that the Family Court made the findings required by § 2203(a) before granting the petition for guardianship. The Family Court's award of guardianship by entry of default judgment without the necessary findings under § 2203(a) was an abuse of discretion.

(13) We remand this matter to the Family Court for prompt reconsideration of the petition for guardianship, which shall include an evidentiary hearing (with notice to the parents)[11] that will encompass the present circumstances of the parties and Child, as promptly as feasible. In light of the Child's young age and residence with the Grandfather and Step-Grandmother for close to a year, she should remain with the Grandfather and Step-Grandmother until the Family Court resolves the petition for guardianship.

NOW, THEREFORE, IT IS ORDERED that the default judgment entered on January 9, 2020 is VACATED. This matter is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[11] According to the Mother's filings in this Court, she is currently living with the Maternal Grandmother. If that is no longer the Mother's address, she must provide her current address to the Family Court.