IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MARTIN,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 35, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| LONDON VALENTINE, | § | File No. CK21-02925 |
| | § | Petition No. 21-24708 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: October 20, 2023
Decided: December 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The petitioner below-appellant, Marshall Martin, appeals the Family Court's denial of his motion for property division.  For the following reasons, we affirm the Family Court's judgment.

(2)    On October 15, 2021, Martin filed a petition for divorce from the respondent below-appellee, London Valentine, in the Family Court.  Martin checked boxes on the petition for the Family Court to decide alimony and court costs.  He

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

did not check the box for the Family Court to decide property division. On May 13, 2022, the Family Court granted Martin's divorce petition and retained jurisdiction over alimony (temporary and permanent) and court costs.

(3) On June 13, 2022, Martin filed his ancillary financial disclosure report. On July 14, 2022, Valentine filed her ancillary financial disclosure report.

(4) On September 27, 2022, Martin filed a motion for property division. In support of the motion, he stated that he was resubmitting the motion, as requested, with first names and an *in forma pauperis* affidavit included. He explained that he had accidentally omitted this information because he thought the court was already familiar with the parties' names and his *in forma pauperis* status.

(5) The Family Court held case management conferences on October 18, 2022 and December 1, 2022. Transcripts of those conferences have not been prepared, but the parties agree that Martin's motion for property division was discussed at the conferences. According to Valentine, the Family Court permitted her to file a late response to the motion because neither she nor her counsel had received the original filing. Valentine filed her response to the motion on December 21, 2022. Construing Martin's motion as a motion to reopen the divorce decree under Family Court Civil Rule 60(b) so that he could seek property division, Valentine argued that Martin failed to identify any basis for relief under Rule 60(b).

(6)    On December 29, 2022, the Family Court denied the motion for property division because Martin did not state what he was seeking or any basis for relief.  This appeal followed.

(7)    On appeal, Martin argues that Valentine and her counsel are responsible for any issues with the service of his papers, Valentine withheld bank statements necessary for resolution of property division and other ancillary matters, and the Family Court originally granted his motion for property division.  He also makes arguments about other Family Court proceedings between the parties that are not part of this appeal.  Valentine contends that the Family Court did not err in denying the motion because it was unclear what Martin was seeking and, to the extent Martin sought to reopen the divorce decree under Family Court Civil Rule 60, he failed to state a basis for such relief in his motion.

(8)    Under Rule 60(b), the Family Court may relieve a party from a final judgment for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud, misrepresentation, or other misconduct; (iv) the judgment is void; (v) satisfaction, release, or discharge of the judgment; or (vi) any other reason justifying relief.  A petitioner must demonstrate "extraordinary circumstances" to obtain relief under

3

Rule 60(b)(6).[2]  The decision to reopen a judgment under Rule 60(b) rests within the sound discretion of the trial court.[3]

(9)   Having carefully considered the parties' positions on appeal, we conclude that the Family Court did not err in denying Martin's motion for property division.   In his October 15, 2021 divorce petition, Martin asked the Family Court to decide alimony and court costs, but not property division.  When the Family Court granted the divorce petition on May 13, 2022, the Family Court granted Martin's divorce petition and retained jurisdiction over alimony and court costs, but not property division.

(10)   Martin did not file his motion for property division until more than four months after the Family Court granted his divorce petition and more than eleven months after he filed the divorce petition.  The motion did not identify any property to be divided or provide any explanation for the delay in the request for property division.  Even assuming the motion could fairly be construed as a motion to reopen under Rule 60(b), the motion did not state any basis for reopening the divorce judgment under Rule 60(b).  To the extent Martin now contends that he was unable to request property division without Valentine's bank statements, he did not raise this argument below.  Absent plain error, which we do not find here, we will not

---

[2] *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1979).
[3] *Reynolds v. Reynolds*, 595 A.2d 385, 389 (Del. 1991).

consider this argument for the first time on appeal.[4]  Finally, the record does not support Martin's claim that the Family Court originally granted and then denied his motion for property division.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] Supr. Ct. R. 8.  Similarly, Martin must raise his claim that the bank statements show significantly higher figures than what Valentine disclosed in her ancillary financial disclosure report in the Family Court in the first instance.