Yolanda BECK, Petitioner
Below, Appellant,

v.

Kevin BECK, Respondent
Below, Appellee.

No. 276, 2000.

Supreme Court of Delaware.

Submitted: Dec. 14, 2000.
Decided: Jan. 12, 2001.

David J. Facciolo, of Minster & Facciolo, Wilmington, Delaware, for Appellant.

Kevin Beck, pro se.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

**PER CURIAM:**

This appeal concerns the Family Court's decision to dismiss a child support petition because the petitioner arrived late to a hearing. We find that the Family Court dismissed the petition without prejudice and that a subsequent petition on the same cause of action is therefore not barred by *res judicata*. We also find that the unusual circumstances of this case warrant the assignment of a new judge to preside over the proceedings on remand. Accordingly, we reverse the judgment of the Family Court and remand the matter for proceedings consistent with this opinion.

### Facts

Under a January 25, 1987 order, Kevin Beck was required to pay Yolanda Beck three hundred dollars per month in child support and half of their child's education expenses. On December 15, 1999 Yolanda filed a petition alleging that Kevin had not paid child support for thirty months and requiring Kevin to show cause for violating the child support order.

The parties scheduled a hearing concerning Yolanda's petition on February 17, 2000 at 9:15 a.m. When the hearing began, Yolanda's counsel advised the court that Yolanda was running a few minutes late but that she was on her way to the courthouse. Because Yolanda had not yet entered the courtroom at 9:27 a.m., the trial court dismissed Yolanda's petition for failure to appear and prosecute.[1]

Yolanda refiled her petition on March 31, 2000. Kevin responded by filing a motion to dismiss because the second petition was barred by *res judicata* (based on the trial court's dismissal of the first petition). Yolanda argued that the court had dismissed her first petition without prejudice. The trial court agreed with Kevin and dismissed Yolanda's second petition.

---

1. Yolanda's counsel avers that Yolanda was in the courthouse at 9:27 a.m.

## Standard of Review

■ The Family Court's decision to dismiss a child support petition for failure to prosecute is subject to review for an abuse of discretion.[2] This Court accepts the factual findings of the Family Court unless "they are clearly wrong and justice requires their overturn."[3]

## Dismissal of the First Petition

■ On appeal, Yolanda presents two reasons to vacate the Family Court's decision to dismiss her second petition. First, Yolanda argues that the Family Court dismissed her first petition without prejudice and that, consequently, her second petition is not barred. Second, assuming that the trial court did dismiss her first petition with prejudice, Yolanda argues that the Family Court should have treated her second petition as a motion for relief from a final judgment under Fam. Ct. Civ. R. 60(b)(1), 60(b)(6). Because we find that the Family Court dismissed her first petition without prejudice, it is not necessary to reach Yolanda's second argument.

■ The trial court dismissed Yolanda's second petition based on its assumption that it had dismissed Yolanda's identical first petition with prejudice, observing that "unless stated otherwise, all dismissals are with prejudice."[4] Yolanda main-

tains that the trial court did, in fact, expressly permit her to refile her petition at the end of the first hearing. The hearing transcript is not crystal clear, but a fair reading of the exchange between Yolanda's counsel and the court indicates that the trial court agreed that Yolanda could refile her petition.[5] As a result, the trial court erred by dismissing Yolanda's second petition because a dismissal without prejudice does not bar a later petition based on the same cause of action.[6]

## Remand Proceedings

■ Yolanda also requests that this Court disqualify the trial judge from presiding over the remand proceedings. In support of her request, Yolanda argues that the judge breached his duty to "respect and comply with the law" and to be "patient, dignified, respectful, and courteous to litigants" when he summarily dismissed both of her petitions.[7]

■ As a general rule, the trial judge must first have an opportunity to address allegations of bias before this Court will intervene. In particular, the trial judge must follow a two-step analysis to determine whether disqualification is appropriate because of personal bias for or against a party.[8] Judges are not automati-

---

2. See Gebhart v. Ernest DiSabatino & Sons, Inc., Del.Supr., 264 A.2d 157, 159 (1970).

3. Wife (J.F.V) v. Husband (O.W.V., Jr.), Del. Supr., 402 A.2d 1202, 1204 (1979).

4. See Beck v. Beck, Del.Fam., File No. CN 99–11172 (May 8, 2000) (ORDER). The doctrine of res judicata applies only to judgments on the merits. See Restatement of Judgments § 49 (1942). As a general rule, a judgment is not on the merits "where it is based merely on rules of procedure rather on rules of substantive law." Id. cmt. a. In the present case, however, an involuntary dismissal for failure to prosecute is deemed a judgment "on the merits" despite the fact that the ruling was not related to the substance of the petition. See Fam. Ct. Civ. R. 41(b).

5. Hr'g Tr. at 3–4.

6. See Restatement of Judgments § 53 (1942) ("Where ... the action is dismissed without prejudice, the plaintiff is not barred from maintaining an action on the original cause of action.").

7. Delaware Code of Judicial Ethics Canons 2(A), 3(C)(1)(a) (2000).

8. See Los v. Los, Del.Supr., 595 A.2d 381, 384–85 (1991). First, the judge must find that she is subjectively "free of bias or prejudice concerning that party." See id. at 384–85. Second, if the judge finds no actual bias, the judge must disqualify herself if "there is the appearance of bias sufficient to cause doubt as to the judge's impartiality." Id. As a general rule, there is an appearance of bias where there is "any reasonable basis to question the impartiality of the trial judge." Weber v. State, Del.Supr., 547 A.2d 948, 952 (1988).

cally obligated to recuse themselves based on allegations of bias or because "they ruled strongly against a party in the first hearing." [9] Moreover, the alleged bias or prejudice must be based on information that the trial judge acquired from an "extrajudicial source." [10] On appeal, this Court then reviews the trial court's decision for an abuse of discretion.[11]

Although this procedure does not expressly contemplate the replacement of a trial judge before the judge has an opportunity to undertake this analysis, some unusual cases may warrant the assignment of a new judge to preside over remand proceedings. We do not hold as a matter of law that the original trial judge in this case is disqualified or must recuse himself. We do direct, however, that the Chief Judge of the Family Court should review this record and determine in his discretion whether the unusual circumstances [12] of this case dictate that it is in the best interest of justice administratively to assign a different judge to preside over the remand proceedings.

 To determine whether unusual circumstances are present in a given case, courts generally consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of

justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.[13]

In view of the summary dismissal of both of Yolanda's petitions, the assignment of a different judge would seem effectively to eliminate any perception that the original trial judge might have difficulty putting aside the previous decisions. Further, because the trial court did not reach the merits of Yolanda's petition, it appears unlikely that a different judge would have to engage in duplicative fact-finding or require substantial time to learn the circumstances of the case. We suggest therefore that, in considering the judicial assignment on remand, the Chief Judge of the Family Court should determine whether: (a) the concerns discussed above outweigh any administrative inefficiencies in assigning a different judge on remand, and (b) the assignment of a different judge in this case "is advisable to preserve the appearance of justice."

### Conclusion

Based on our finding that Yolanda's first petition was dismissed without prejudice, we reverse the decision of the Family Court dismissing her second petition. The matter is remanded to the Family Court for proceedings consistent with this opinion.

**9.** *NLRB v. Donnelly Garment Co.*, 330 U.S. 219, 237, 67 S.Ct. 756, 91 L.Ed. 854 (1947); *see Los,* 595 A.2d at 384 ("Where the basis for the alleged disqualification is a claim, under Canon 3 C(1), that the judge 'has a personal bias or prejudice concerning a party,' no per se or automatic disqualification is required."); *see also Weber,* 547 A.2d at 952 ("There is no general rule that a judge is disqualified *per se* because of an adverse decision in a former case involving entirely different and unrelated criminal charges against the same party.").

**10.** *Los,* 595 A.2d at 384. It is worth noting that Yolanda does not allege that the trial

judge is prejudiced against her based on extrajudicial information.

**11.** *See id.* at 385.

**12.** *See Sederquist v. City of Tiburon,* 9 th Cir., 765 F.2d 756, 763 (1984); *Davis & Cox v. Summa Corp.,* 9th Cir., 751 F.2d 1507, 1523 (1985).

**13.** *Summa,* 751 F.2d at 1523 (quoting *United States v. Robin,* 2d Cir., 553 F.2d 8, 10 (1977) (*en banc*)).