IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| YVONNE STONE,[1] | § |
| | § No. 483, 2022 |
| Petitioner Below, | § |
| Appellant, | § Court Below–Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK19-01031 |
| CALVIN SMITH, | § Petition No. 22-10207 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: May 26, 2023
Decided: August 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief and the record on appeal, it appears to the Court that:

(1)    The appellant, Yvonne Stone ("the Mother"), filed this appeal from a December 1, 2022 Family Court order denying the Mother's motion for reconsideration of the Family Court's order that granted the appellee's motion to dismiss the Mother's petition for custody modification.  For the following reasons, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The Mother and the appellee, Calvin Smith ("the Father"), are the parents of two minor children ("the Children"). The record reflects that, beginning in early 2019, the parties engaged in an acrimonious custody battle, with the Mother repeatedly complaining to the court and State agencies that the Father was abusing the Children.[2] The Family Court held a trial on the parties' multiple cross-petitions for custody and findings of contempt over three days—December 15, 2020, March 25, 2021, and April 9, 2021. Following the hearing, the Family Court issued a final custody order on June 29, 2021 ("the Custody Order"). Among other things, the Custody Order: (i) awarded primary residential placement of the Children to the Father and established a visitation schedule for the Mother; (ii) dismissed the Mother's two petitions for findings of contempt; and (iii) found that the Mother had previously been in contempt of the court's orders on three occasions when she failed to return the Children to the Father for scheduled visitation. The Mother did not appeal the Custody Order.

(3) On May 10, 2022, the Mother filed a petition for modification of the Custody Order, seeking joint custody and primary placement of the Children. The Mother also moved for interim relief, seeking increased visitation with the Children pending the outcome of her motion for custody modification. Because the motion

---

[2] Notably, none of these claims were substantiated.

for interim relief had not been properly served on the Father, the Family Court denied it without prejudice. On September 23, 2022, the Mother filed a motion for an emergency *ex parte* order, alleging that the Father had relocated and was refusing to let her visit with the Children. Also on September 23, 2022, the Mother renewed her motion for interim relief, claiming that the Father was attempting to alienate the Children from the Mother and seeking sole custody and primary placement of the Children. The Family Court denied the motion for emergency relief, finding that the allegations did not warrant immediate relief.

(4) The Father moved to dismiss the Mother's petitions for custody modification and interim relief, citing insufficiency of process and the Mother's failure to state a claim under the heightened standard required under 13 *Del. C.* § 729(c)(1) for a petition for custody modification filed within two years of a Family Court custody order entered after a full hearing on the merits. While the Father's motion to dismiss was pending, the Mother filed another motion for an emergency *ex parte* order, asking the court to grant her immediate weekend overnight visitation and extra communication with the Children during the week and to find the Father in contempt of court. The Mother also filed a motion to reopen the Custody Order, claiming that it should be set aside because she had been unable to attend the final two days of the custody hearing. The Father objected to the motion to reopen, pointing out that the Mother had failed to advise the Family Court that she could not

participate in the final days of the custody hearing, despite her obvious familiarity with Family Court litigation procedure, and arguing that the Mother had filed the motion to reopen to circumvent the heightened standard she was required to meet under Section 729(c)(1).

(5) On October 26, 2022, the Family Court denied the Mother's motion for an emergency *ex parte* order and directed the parties to comply with the visitation terms of the Custody Order. On November 15, 2022, the Family Court granted the Father's motion to dismiss on the grounds that the motion was unopposed and that the Mother had failed to plead that enforcement of the Custody Order would endanger the Children's physical health or significantly impair their emotional development as required by Section 729(c)(1).[3] Finally, on November 21, 2022, the Family Court denied as untimely the Mother's motion to reopen the Custody Order.

(6) On November 28, 2022, the Mother filed a motion to reargue the Family Court's November 15, 2022 order because the Family Court had concluded that the Father's motion to dismiss was unopposed, but the Mother had, in fact, responded to and opposed the motion. After conducting an initial review of the filing as required by 10 *Del. C.* § 8803, the Family Court ordered that the filing be

---

[3] This order also disposed of the Mother's renewed motion for interim relief.

4

dismissed as legally frivolous.  Although the order purportedly rejected the filing, it also noted that the motion for reargument was denied.  This appeal followed.

(7)    This Court's review of a Family Court decision includes a review of both the law and the facts.[4]  Conclusions of law are reviewed *de novo*.[5]  If the law was correctly applied, we review the decision for an abuse of discretion.[6]  We review a trial court's denial of a motion for reargument for abuse of discretion.[7]

(8)    On appeal, the Mother argues that the Family Court improperly dismissed her filing as legally frivolous and that the Family Court erred when it granted the Father's motion to dismiss because, she claims, the Custody Order was not entered after a full hearing on the merits.  The Mother also alleges that she was deprived of the opportunity to participate in the custody hearing and that the Family Court judge who rejected her motion for reargument is biased against her.  The Mother's arguments are unavailing.

(9)    As a preliminary matter, the Mother has waived any arguments relating to the proceedings that led to the entry of the Custody Order because she failed to appeal that order.  Second, although we agree with the Mother that the Family Court

---

[4] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[5] *Wright v. Wright*, 49 A.3d 1147, 1150 (Del. 2012).

[6] *Id.*

[7] *Maddox v. Isaacs*, 2013 WL 4858989, at *1 (Del. Sept. 10, 2013).

should not have rejected her filing as legally frivolous because she raised a legitimate objection to the Family Court's finding that the Father's motion to dismiss was unopposed, we nevertheless affirm the Family Court's denial of the Mother's motion for reargument on the independent and alternative basis that the Family Court did not abuse its discretion by denying the motion.[8] Contrary to the Mother's argument on appeal, the fact that the Mother declined to participate in the final two days of the hearing without notifying the court does not mean that she was deprived the opportunity to participate in the hearing.[9] The Custody Order was therefore "entered by the [Family] Court after a full hearing on the merits," and the Mother was required to plead in her petition for custody modification that continuing enforcement of the Custody Order "may endanger the [Children's] physical health or significantly impair [their] emotional development."[10] She did not do so. Accordingly, the Family Court properly granted the Father's motion to dismiss, and the Family Court did not abuse its discretion when it denied the Mother's motion for reargument, which did not set forth any valid reason to set aside the Family Court's order granting

---

[8] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a trial court's judgment on the basis of a different rationale than that articulated by the trial court).

[9] We observe that the Mother does not deny that she was aware of the dates of the custody hearing.

[10] 13 *Del. C.* § 729(c).

the motion to dismiss.[11]  Finally, we have carefully reviewed the record and find that it is devoid of any evidence that the Family Court judge harbors any bias against the Mother.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[11] *See Dickens v. Coupe*, 2019 WL 1220717, at *2 (Del. Mar. 13, 2019) (noting that the proper purpose of a motion for reargument is to ask the trial court to reconsider whether it overlooked an applicable legal principle or misapprehended the law or the facts).

[12] *See Beck v. Beck*, 766 A.2d 482, 484-85 (Del. 2001) (noting that judges need not recuse themselves based on allegations of personal bias for or against a party; the alleged bias or prejudice must be based on information that the trial judge acquired from an extra-judicial source).