IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MARTIN,[1] | § | |
| | § | No. 321, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK21-02925 |
| LONDON VALENTINE, | § | Petition No. 21-24708 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: June 6, 2025
Decided: June 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Marshall Martin, and the appellee, London Valentine, were divorced on May 13, 2022. At Martin's request, the Family Court retained jurisdiction over alimony and court costs.[2] On March 6, 2024, the Family Court scheduled a case management teleconference on the outstanding ancillary matters for May 9, 2024, and mailed notice of the teleconference to the parties at their

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] App. to Answering Br. at B-006.

respective addresses.[3]  The notice explicitly provided that the parties were responsible for contacting the Family Court call center to provide the court with "a telephone number, preferably a landline, where [the court] may contact you for your scheduled teleconference."[4]  The notice further advised the parties that, "[i]f you provide a cell phone number, we will not be responsible if the call does not go through."[5]  Finally, and critically, the notice stated, "PARTICIPATION BY YOU OR YOUR ATTORNEY, IF REPRESENTED, IS REQUIRED.  FAILURE TO PARTICIPATE MAY RESULT IN THE CASE BEING DISMISSED OR A DEFAULT ORDER BEING ENTERED BY THE COURT."[6]

(2)  Martin failed to appear at the May 9, 2024 case management teleconference.  The court twice attempted to reach Martin at the phone number that he had provided but received a recorded message stating that the phone number was not in service.  Because Martin failed to appear to prosecute his petition for alimony and court costs, the Family Court dismissed the petition on July 16, 2024.  Martin appeals.

---

[3] We note that the scheduling of the case management teleconference was delayed because, among other things, Martin appealed the Family Court's denial of his motion for property division to this Court.  We affirmed the Family Court's denial of Martin's motion in late 2023. *Martin v. Valentine*, 2023 WL 8827732 (Del. Dec. 20, 2023).

[4] *Id*. at B-040.

[5] *Id*.

[6] *Id*. (emphasis in original).

(3)     We review a Family Court decision to dismiss a petition for failure to prosecute for abuse of discretion.[7]  We find no abuse of discretion here.  To the extent that Martin addresses the court's denial of his petition for alimony and court costs in his opening brief,[8] he argues that he did not have a telephone at the time of the hearing and that the Family Court's denial of the petition under these "extraordinary circumstances" was an abuse of discretion.  But Martin had an affirmative duty to provide the court with a telephone number at which he could be reached in order to participate in the case management teleconference, and Martin was responsible for prosecuting his petition.  We note that Martin, who does not dispute that he knew of the date and time of the case management teleconference, did not move to reopen the ancillary proceedings to present evidence of these claimed "extraordinary circumstances" to the Family Court in the first instance.  In short, Martin has not raised a claim of reversible error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Beck v. Beck*, 766 A.2d 482, 484 (Del. 2001).
[8] Martin dedicates much of his opening brief to matters irrelevant to the Family Court's denial of his petition for alimony and costs.

3